UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IDEAS & INNOVATIONS, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:22-cv-2569-x |
| RAISE MARKETPLACE, INC. | § | |
| A/K/A SLIDEAPP, | § | |
| | § | |
| *Defendant.* | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Ideas & Innovations, LLC's ("I & I") motion to remand. [Doc. 3]. After careful consideration, and for the reasons below, the Court **DENIES** the motion to remand.

## I.  Factual Background

I & I owns and operates self-serve, retail, gift-card kiosks that use I & I's "proprietary UI/UX software for purchase of electronic, digital and physical gift cards."[1]  Defendant Raise Marketplace, Inc. ("Raise") "owns and operates a proprietary business platform that purchases secondary gift cards . . . from gift exchange companies."[2]

On August 1, 2020, I & I and Raise discussed forming a business relationship. Shortly thereafter, on August 3rd, the parties executed a mutual non-disclosure

---

[1] Doc. 7 at 3.

[2] *Id.* at 5.

1

agreement (the "First Agreement") to ensure that any confidential information shared during negotiations would remain confidential.  This agreement included a forum-selection clause establishing jurisdiction in either state or federal court:

> This Agreement shall be governed by, construed [by,] and enforced under the laws of the State of Texas, excluding its choice and conflicts of laws provisions.  The federal and state courts in the State of Texas shall have exclusive jurisdiction to hear and determine any claims, disputes, actions, or suits which may arise under or out of this Agreement.  The Parties agree and voluntarily consent to the personal jurisdiction and venue of such courts for such purposes.[3]

The First Agreement also provided that its obligations would "terminate . . . upon the execution by the Parties of a definitive agreement relating to the proposed Transaction, provided that such binding documentation contains confidentiality restrictions substantially similar to the obligations set forth herein."[4]

I & I alleges that Raise made certain representations a few months after the parties signed the First Agreement:

> Raise presented a strategy/proposal to I & I to manage the "TOTAL BUSINESS."  Raise's proposal included: 1) a full and comprehensive gift card brand list supporting both physical (print on demand (POD) and Digital (e-Gift) gift cards; 2) an exchange of a gift card platform; 3) promotional programs; 4) advertising services; 5) full and comprehensive processing services; and 6) accounting with disbursement of funds capability.  Raise represented to I & I that [it] would be ready to go to market and support I & I's beat test launch starting in July 2021.[5]

---

[3] *Id.* at 31.

[4] *Id.*

[5] *Id.* at 6.

Then, on April 15, 2021, I & I and Raise executed another agreement (the "Second Agreement") establishing a business relationship between the parties and specifying each party's obligations. Like the First Agreement, the Second Agreement included a forum-selection clause. However, the Second Agreement's forum-selection clause limited jurisdiction to state court:

> Governing Law, Jurisdiction and Venue. This Agreement and the rights and obligations of the Parties under this Agreement shall be governed by and construed in accordance with the Laws of the State of Texas, without giving effect to the principles thereof relating to the conflicts of laws. Any dispute regarding this agreement shall be heard and resolved in the state court of competent jurisdiction located in Dallas County, Texas. Each of the Parties hereto hereby irrevocably submits to the jurisdiction of that court, acknowledges that venue is proper in that court, and waives any objection to venue there. Each party waives the right to a jury trial.[6]

In addition to the forum-selection clause, the Second Agreement included a merger clause:

> Entire Agreement. This Agreement represents the entire agreement between the Parties with respect to its subject matter, and there are no other representations, understandings or agreements between the Parties relative to such subject matter. Upon execution hereof, any such prior agreements are null and void and hereby superseded by this Agreement.[7]

I & I alleges that after the parties executed the Second Agreement, it discovered that Raise did not have the technological capability, financial strength, or relationships with gift card brands necessary to satisfy its obligations under the Second Agreement.

---

[6] *Id.* at 39.

[7] *Id.* at 38.

I & I sued Raise for (1) trade-secret misappropriation under the Texas Uniform Trade Secrets Act, (2) common-law trade-secret misappropriation, (3) fraud, (4) fraud by nondisclosure, (5) negligent misrepresentation, (6) unfair competition through misappropriation, and (7) breach of contract.[8]

Along with its lawsuit, I & I petitioned for a temporary restraining order ("TRO") preventing Raise from disclosing I & I's confidential information, and the state court granted that TRO. Raise timely removed the case on the basis of diversity jurisdiction, and I & I now moves to remand.

## II. Legal Standard

"Mandatory forum-selection clauses that require all litigation to be conducted in a specified forum are enforceable if their language is clear."[9]  In other words, a forum-selection clause cannot prevent a party from exercising its right to removal unless the clause establishes a "clear and unequivocal" waiver of that right.[10]

"Whether a particular claim or cause of action falls within the scope of a forum-selection clause is a question of federal law."[11]  "To determine whether a forum-selection clause applies to a particular cause of action," courts look to "[t]he language of the forum-selection clause" and to "the operative facts that underlie the alleged

---

[8] *Id.* at 10–17.  I & I's breach-of-contract claim is stated under the heading "Suit for Specific Performance." *Id.* at 16–17.

[9] *UNC Lear Servs., Inc. v. Kingdom of Saudi Arabia*, 581 F.3d 210, 219 (5th Cir. 2009).

[10] *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004) (cleaned up).

[11] *Pinnacle Interior Elements, Ltd. v. Panalpina, Inc.*, No. 3:09-CV-0430-G, 2010 WL 445927, at *5 (N.D. Tex. Feb. 9, 2010) (Fish, J.).

causes of action."[12]  "If the *substance* of the plaintiff's claims, stripped of their labels, does not fall within the scope of the forum selection clause, the clause cannot apply."[13]

"When the plaintiff raises tort claims, the applicability of a contractual forum-selection clause to those claims depends on whether resolution of the claims relates to interpretation of the contract."[14]  "Although the Fifth Circuit has not articulated a specific test for determining when tort claims fall within the scope of a contract's forum-selection clause, district courts within this circuit have looked to three factors in making this determination: (1) whether the tort claims ultimately depend on the existence of a contractual relationship between the parties; (2) whether resolution of the claims relates to interpretation of the contract; and (3) whether the claims involve the same operative facts as a parallel claim for breach of contract."[15]

## III.  Analysis

I & I argues that the Second Agreement's forum-selection clause applies to I & I's claims and prohibits removal to federal court.  Raise, on the other hand, argues that it isn't clear which forum-selection clause applies to I & I's allegations, and that removal is thus proper under the First Agreement's forum-selection clause.  And even if the Second Agreement's forum-selection clause applies, Raise argues, I & I's claims are not within its scope.

---

[12] *Id.*

[13] *Id.* (cleaned up).

[14] *Id.* (cleaned up).

[15] *Weatherford Int'l, LLC v. Binstock*, 452 F. Supp. 3d 561, 572 (S.D. Tex. 2020) (cleaned up).

Raise is correct.  First, I & I failed to plead the operative facts underlying most of its tort claims with sufficient specificity for the Court to determine which forum-selection clause applies.  It isn't clear whether most of the alleged torts occurred before or after the parties executed the Second Agreement.  And second, I & I bases several of its tort claims, such as its fraud claim, on certain representations that Raise allegedly made in November of 2020—before the parties executed the Second Agreement.  To the extent these representations form the basis of I & I's claims, the First Agreement's forum-selection clause applies and removal to this Court is proper.[16]

Aside from the reference to events in November 2020, I & I's petition gives no answer to the crucial question of timing.  When did the alleged misappropriation, nondisclosure, misrepresentation, and breach of contract occur?  Given this ambiguity, the Court cannot say that the Second Agreement's forum-selection clause "clearly and unequivocally" applies to I & I's claims such that Raise has waived its right to remove.  And because the timing of the operative facts is unclear, I & I's claims do not "clearly and unequivocally" constitute "[a]ny dispute *regarding* th[e

---

[16] In limited scenarios, a forum-selection clause may apply to torts that occurred before formation of the contract containing the forum-selection clause.  *See, e.g.*, *Pinnacle*, 2010 WL 445927, at *5.  For example, a forum-selection clause may apply to pre-formation torts when the clause is worded broadly and the tort claims depend on the existence of a contractual relationship between the parties.  *See id.*  But it's unclear whether I & I's tort claims depend on the existence of the Second Agreement, so this exception is inapplicable here.

Second] Agreement"—the parties' agreed-upon standard to trigger the Second Agreement's forum-selection clause.[17]

### IV.  Conclusion

Because I & I has not pled the operative facts underlying its claims with the specificity required to determine whether the Second Agreement's forum-selection clause applies, the Court **DENIES** I & I's motion to remand.

**IT IS SO ORDERED** this 12th day of April, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[17] Doc. 7 at 39 (emphasis added).  The Court need not reach Raise's alternative argument that I & I's claims fall outside the forum-selection clause's scope.  To the extent any of the alleged torts occurred post-Second Agreement, they may fall within the Second Agreement's forum-selection clause if they involve the same operative facts as I & I's breach-of-contract claim.  *Weatherford*, 452 F. Supp. 3d at 572; Doc. 7 at 16 (alleging that "Raise has materially breached and defaulted under [the Second] Agreement").  But I & I failed to allege the timing of the operative facts with enough specificity for the Court to determine when the alleged torts occurred and whether the operative facts overlap with I & I's breach-of-contract claim.