UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IDEAS & INNOVATIONS, LLC, § § *Plaintiff,* § § v. § § RAISE MARKETPLACE, INC. § A/K/A SLIDEAPP, § § *Defendant.* § § | Civil Action No. 3:22-CV-2569-X |

# **MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Raise Marketplace, Inc.'s ("Raise") motion to strike Plaintiff Ideas & Innovations, LLC's ("I&I") jury-trial demand. [Doc. 18]. After careful consideration, and for the reasons below, the Court **DENIES** the motion.

## **I. Factual Background**

I&I owns and operates self-serve, retail, gift-card kiosks that use I&I's "proprietary UI/UX software for purchase of electronic, digital and physical gift cards and entertainment cards."[1] Raise "owns and operates a proprietary business platform that purchases secondary gift cards . . . from gift exchange companies."[2]

On August 3, 2020, I&I and Raise executed a mutual non-disclosure agreement (the "First Agreement") to ensure that any confidential information shared during

---

[1] Doc. 31 at 2.

[2] *Id.* at 4.

their business negotiations would remain confidential.  I&I alleges that three months after the parties signed the First Agreement, Raise made certain representations:

> In November of 2020, Raise presented a strategy/proposal to I&I to manage the total business.  Raise's proposal included: 1) a full and comprehensive gift card brand list supporting both physical (print on demand (POD) and Digital (e-Gift) gift cards; 2) an exchange of a gift card platform; 3) promotional programs; 4) advertising services; 5) full and comprehensive processing services; and 6) accounting with disbursement of funds capability.  Raise represented to I&I that they would be ready to go to market and support I&I's test launch starting in July 2021.[3]

Then, on April 15, 2021, the parties executed another agreement (the "Second Agreement") establishing a formal business relationship and specifying each party's obligations.  I&I alleges that it executed the Second Agreement "[a]s a result of the parties' discussions, the proposal[,] and representations made by Raise."[4]  The Second Agreement included a forum-selection clause containing a provision that stated: "Each party waives the right to a jury trial."[5]  The Second Agreement also contained a merger clause, which stated that the Second Agreement "represent[ed] the entire agreement between the Parties with respect to its subject matter," and that, "[u]pon execution [], any [] prior agreements are null and void."[6]

After executing the Second Agreement, I&I alleges that it discovered Raise's representations were untrue: Raise allegedly did not have the technological

---

[3] *Id.*

[4] *Id.* at 5.

[5] Doc. 19 at 9.

[6] *Id.* at 8.

capability, financial strength, or relationships with gift card brands necessary to satisfy its obligations under the Second Agreement.[7]

I&I sued Raise in Texas state court, and Raise removed the case. In its amended complaint before the Court, I&I alleges (1) misappropriation of trade secrets under the Texas Uniform Trade Secrets Act and (2) misappropriation of trade secrets under the federal Defend Trade Secrets Act.[8] I&I then filed a jury-trial demand,[9] and Raise now moves to strike that demand.

## II. Legal Standard

The Seventh Amendment preserves the right to a jury trial in a civil suit.[10] But "that right, like other constitutional rights, may be waived by prior written agreement of the parties."[11] Such a waiver is enforceable "as long as the waiver was made knowingly, voluntarily, and intelligently."[12] A circuit split currently exists concerning which party bears the burden of demonstrating such a waiver's validity, and the Fifth Circuit has yet to weigh in.[13] Nonetheless, courts in the Northern District of Texas have regularly found that the party seeking to enforce the waiver

---

[7] Doc. 31 at 5.

[8] *Id.* at 6–8.

[9] Doc. 11.

[10] U.S. CONST. amend. VII.

[11] *RDO Fin. Servs. Co. v. Powell*, 191 F. Supp. 2d 811, 813 (N.D. Tex. 2002) (Lynn, J.).

[12] *Servicios Comerciales Lamosa, S.A. de C.V. v. De la Rosa*, 328 F. Supp. 3d 598, 619 (N.D. Tex. 2018) (Lindsay, J.).

[13] *See id* at 620; *Hudson v. Lincare Inc.*, No. 1:20-CV-928-RP, 2021 WL 4255094, at *2 (W.D. Tex. Sept. 17, 2021).

bears the burden of demonstrating its validity, and the Court agrees with this approach.[14]

In assessing whether a jury waiver was made knowingly, voluntarily, and intelligently, courts in the Fifth Circuit have examined four factors: (1) whether both parties had an opportunity to negotiate the terms of the agreement, (2) whether the provision waiving jury trial was conspicuous, (3) the relative bargaining power of the parties, and (4) the business acumen or professional experience of the party opposing the waiver.[15]

### III. Analysis

To meet its burden as the party seeking to enforce the waiver, Raise argues that (1) the Second Agreement provides that the terms were the products of negotiation between the parties, (2) the waiver is the "last sentence of a paragraph on the signature page and is about 3 inches above where Plaintiff signed," (3) I&I "markets itself as a technology based physical and digital consumer product marketing company," and (4) because I&I's CEO is a "highly successful global

---

[14] *See RDO Fin. Servs.*, 191 F. Supp. 2d at 813; *TransFirst Holdings, Inc. v. Phillips*, No. 3:06-cv-2303-P, 2007 WL 867264, at *3 (N.D. Tex. Mar. 22, 2007) (Solis, J.); *Servicios Comerciales Lamosa*, 328 F. Supp. 3d at 620; *Miramontes v. Peraton Inc.*, No. 3:21-cv-3019-B, 2022 WL 17364263, at *2 (N.D. Tex. Dec. 1, 2022) (Boyle, J.).

[15] *Servicios Comerciales Lamosa*, 328 F. Supp. 3d at 619–20.

entrepreneur," and is "savvy at business, [] there is nothing to suggest that there is a disparity . . . in the parties' bargaining power."[16]

I&I contests none of Raise's arguments.  Instead, I&I argues that because "the present dispute involves the misappropriation of trade secrets which were given in the context of the First Agreement and which predate[] the Second Agreement," the dispute necessarily "does not involve rights and obligations under the Second Agreement."[17]

In response, Raise points to the Second Agreement's merger clause, arguing that because the parties superseded the First Agreement and rendered it null and void, any "confidentiality obligations owed to [I&I] are . . . governed by . . . the Second Agreement."[18]  Thus, Raise says, "if the Second Agreement governs the parties' contractual rights and responsibilities—regardless of when [I&I's] claim arose—then the jury-trial waiver in the same agreement similarly dictates the parties' litigation rights and limits."[19]

The Court agrees with I&I that the scope of this waiver clause is not broad enough to encompass tort claims regarding actions that predated the Second Agreement.  Lawyers certainly know how to word such broad waiver clauses.  They tend to say that jury waivers are for all claims "arising from or relating to" the

---

[16] Doc. 18 at 2–3 (cleaned up).

[17] Doc. 28 at 4 (emphasis removed).

[18] Doc. 32 at 3.

[19] *Id.*

contract.[20]  Or broader waivers can target something in particular—like reliance on statements leading up to the contract.[21]  This waiver did neither.  Rather, it states that: "Each party waives the right to a jury trial."

That narrower waiver means the timeline is key.  The parties executed the First Agreement on August 3, 2020.  In November 2020, Raise allegedly made misrepresentations that induced I&I to provide confidential information in hopes of a future business relationship.[22]  And the parties executed the Second Agreement on April 15, 2021.  It follows then that the First Agreement—the only agreement in existence at the time—governed the rights and responsibilities between the parties when Raise made its alleged misrepresentations.  And the scope of the agreement waiving a jury for the subsequent agreement does not compel claims that either arose under or related to the First Agreement or arose outside of the First Agreement.[23]

---

[20] *See BMC Software, Inc. v. Int'l Bus. Machs. Corp.*, No. H-17-2254, 2018 WL 7291425 at *3 (S.D. Tex. Aug. 30, 2018).

[21] *See Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 334 (Tex. 2011) (holding that a standard merger clause does not disclaim reliance on promises that led to the formation of that contract).

[22] Doc. 31 at 4.

[23] As a result, the Court need not reach the remaining arguments.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Raise's motion to strike I&I's jury-trial demand.

**IT IS SO ORDERED** this 30th day of August, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE